In the Matter of the Applications of VINCENT O'CONNELL (2) and Others, Appellants, for Peremptory Orders of Mandamus Directed to MORTIMER GOLD, as Treasurer of the City of Long Beach, and Others, Respondents.— Petitioners are judgment creditors of the city of Long Beach. Respondents are the members of the city council, the city treasurer and the city. Petitioners applied for peremptory orders of mandamus directing the respondents to pay their judgments or, in the alternative, that the moneys owing on their judgments be included for pay-

ment in the annual budget to be adopted for the year 1935. An order was entered granting the applications, but only to the extent of (a) directing the respondents to provide " for the payment of the petitioners' judgments out of funds available and provided for during the current fiscal year upon terms equally favorable with other creditors holding claims or judgments in the same class in respect to the amounts of their claims or judgments, which classes have been fixed and determined by the City of Long Beach as under $1,000, over $1,000 and under $3,000 and over $3,000, as determined by the original claims out of which the same arose;" and (b) directing the respondents " to make provision for installment payments in future budgets to be adopted for the fiscal years beginning with the fiscal year of 1935 for the further liquidation of the petitioners' judgments upon terms equally favorable to the terms of payment and liquidation which shall be extended to any or all of the other creditors of the City of Long Beach holding a judgment or judgments to the amount of $3,000 or more as determined by the original claims out of which same arose;" and (c) directing " that should the parties hereto be unable to agree concerning what adjustments, payments or distribution have been made with other judgment creditors, that question will be referred to an official referee to hear and report." Order modified on the law and the facts so as to provide that the motion be granted without conditions and that the 1935 budget be reopened so as to provide for the payment of petitioners' judgments, and as so modified unanimously affirmed, with one bill of costs to appellants. The facts are undisputed. Petitioners had a clear right to the relief sought. Under the city charter ■ (§ 101) and the General Municipal Law (§§ 82 and 83), it was the duty of respondents to assess, levy and collect a sum sufficient to pay petitioners' judgments and to include such sums in the annual budget. There is no reasonable basis for holding that other remedies are adequate and there is no element of hardship or laches. Under the circumstances it was error to impose conditions in granting the applications. (*People ex rel. Harris* v. *Commissioners*, 149 N. Y. 26–31; *Matter of Brennan* v. *Board of Education*, 245 id. 8; *Matter of Oystermen's Dock Co.* v. *Downing*, 258 id. 156; *Matter of Kahabka* v. *Schwab*, 205 App. Div. 368.) Although the budget for the year 1935 has been adopted and approved, counsel stated on the argument that in the event this court decided petitioners were entitled to the relief prayed for, the budget could be reopened so as to provide for the payment of the petitioners' judgments. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.